# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE

|  |  |
|---|---|
| IN RE: ) | JUDGE MARIAN F. HARRISON |
| ) | |
| CITIZENS CORPORATION, ) | CASE NO. 311-11792 |
| ) | CHAPTER 11 |
| Debtor. ) | |
| ) | |

## MEMORANDUM OPINION

This matter is before the Court upon the motion for relief from the automatic stay filed by Cynthia C. Lowery and Marion E. Lowery (hereinafter the "Lowerys"). Specifically, the Lowerys seek permission to pursue counterclaims against Legends Bank (acting as lead bank for the debtors' pre-petition Lender Group) and third-party claims against Jean Ramsey (hereinafter "Ms. Ramsey"), president of Financial Data Technology Corporation (hereinafter "Fi-Data") in Chancery Court for Williamson County (hereinafter "Chancery Court"). The Chapter 11 Trustee opposes the motion. For the following reasons, which represent the Court's findings of fact and conclusions of law, pursuant to Fed. R. Bankr. P. 7052, and made applicable by Fed. R. Bankr. P. 9014(c), the Court finds that the Lowerys should be granted limited relief from the stay as to Legends Bank (to the extent set forth below) and denied relief as to Ms. Ramsey.

# I. BACKGROUND

Legends Bank[1] filed its complaint in Chancery Court on February 21, 2012, against the Lowerys for breach of the guaranty agreement related to a pre-petition loan made to the debtor. The Lowerys filed their answer, counterclaims, and third-party claim on June 18, 2012. At the request of the Chapter 11 Trustee, the Lowerys agreed to file this motion for relief to determine whether the automatic stay applies to their counterclaims against Legends Bank and their third-party claim against Ms. Ramsey, and if so, whether relief should be granted.

# II. DISCUSSION

## A. RELIEF REGARDING LEGENDS BANK

In their motion, the Lowerys request authority to pursue a cause of action against the debtor's pre-petition Lender Group. These counterclaims include breach of contract, promissory estoppel, promissory fraud, and civil conspiracy. The Lowerys are seeking compensatory and punitive damages, not the recovery of any property. The Chapter 11 Trustee argues that the claims brought by the Lowerys are identical to the claims brought by the debtor in an adversary proceeding filed on December 12, 2011, prior to the appointment

---

[1] As noted above, Legends Bank is acting as lead bank for the group of banks involved in a participation loan made to the debtor pre-petition and is listed as the plaintiff in the Chancery Court action. Accordingly, when the Court refers to Legends Bank or Lender Group in this Memorandum Opinion, it is referring to this group of banks.

of the Chapter 11 Trustee.[2] Moreover, the Chapter 11 Trustee argues that if the Lowerys are allowed to pursue their counterclaims against Legends Bank, the decisions they make in connection with that lawsuit will necessarily involve an assertion of control over the original adversary proceeding filed by the debtor, as there is no way the Lowerys can prosecute the alleged individual action without affecting the outcome of the original action filed by the debtor.[3]

Pursuant to 11 U.S.C. § 362(a)(3), "any act . . . to exercise control over property of the estate" is prohibited. Section 362(a)(3) "directs stays of any action, ***whether against the debtor or third-parties***, to obtain possession or to exercise control over property of the debtor." *A.H. Robins Co., Inc. v. Piccinin,* 788 F.2d 994, 1001 (4th Cir. 1986) (emphasis in original). In the present case, a comparison of the allegations in the adversary proceeding against the Lender Group and the allegations in the Lowerys' counterclaims reflects that the allegations and asserted causes of action are based on the same set of facts and circumstances. However, the significant difference is that the Lowerys are alleging individual damages and are not trying to obtain or exercise control over any property of the

---

[2] Tennessee Commerce Bank was the Lead Bank for the Lender Group until it was taken over by the FDIC. The Chapter 11 Trustee timely filed a claim with the FDIC based on the allegations in the debtor's adversary complaint. The Chapter 11 Trustee voluntarily dismissed the adversary proceeding after filing the claim with the FDIC. The claim is currently pending.

[3] Collateral estoppel certainly would not apply because there is no identity of parties between the actions in this Court and in the Chancery Court.

3 - U.S. Bankruptcy Court, M.D. Tenn.

estate. Instead, the Lowerys are seeking personal damages resulting from the transfer of personal stock and as personal victims of an alleged civil conspiracy. While the Chapter 11 Trustee testified that allowing the Lowerys to pursue their counterclaims against Legends Bank would interfere with the administration of the estate, it does not necessarily follow that the automatic stay applies to the Lowerys' personal claims. If the Chapter 11 Trustee believes that the Chancery Court action will interfere with the administration of the estate, he must pursue other affirmative actions rather than using the automatic stay as a shield.

Accordingly, the Court finds that the Lowerys' motion for relief as to their counterclaims against Legends Bank should, to the extent necessary,[4] be granted, as clarified, herein:

1. To the extent the Lowerys have personal damages, rather than damages recoverable by Citizens Corporation and Fi-Data, from an alleged breach of an alleged contract ***between the Lowerys and the Lender Group***, the stay does not apply.

2. To the extent the Lowerys were victims personally (as opposed to Citizens Corporation and Fi-Data) of alleged misrepresentations or alleged fraudulent misrepresentations ***directed to them*** by the Lender Group rather than to

---

[4]It appears the Lowerys are seeking in essence a comfort order granting relief from the stay even if it is not necessary.

4 - U.S. Bankruptcy Court, M.D. Tenn.

Citizens Corporation or Fi-Data, the stay does not apply to the recovery of the Lowerys' personal damages.

3. To the extent that the Lowerys were victims personally of an alleged civil conspiracy by Legends Bank and other members of the Lender Group *targeting the Lowerys* (as opposed to Citizens Corporation and Fi-Data), the stay does not apply to the recovery of the Lowerys' personal damages.

At the same time, the automatic stay does prohibit the Lowerys from suing the Lender Group for a civil conspiracy targeting Citizens Corporation or Fi-Data, breach of a contract with Citizens Corporation or Fi-Data, or fraud or misrepresentations directed to and harming Citizens Corporation or Fi-Data. For these actions, the motion for relief from the stay is denied.

### B. RELIEF REGARDING THIRD-PARTY COMPLAINT AGAINST JEAN RAMSEY

The allegations in the Chancery Court third-party complaint relate to actions taken by Ms. Ramsey in her capacity as a director and officer of Fi-Data, alleging that she called a Fi-Data board meeting at the direction of the Lender Group, that she presented and forced passage of an improper resolution at that meeting, and that she thereafter operated Fi-Data for the sole benefit of the Lender Group. The Chapter 11 Trustee asserts that the Lowerys should not be allowed to pursue this claim because: (1) Ms. Ramsey is entitled to

5 - U.S. Bankruptcy Court, M.D. Tenn.

Case 3:11-bk-11792   Doc 241   Filed 09/12/12   Entered 09/12/12 07:21:47   Desc Main
Document      Page 5 of 9

indemnification under Tennessee law, and (2) even if valid, these claims would constitute derivative claims that are the property of the estate.

There is no proof that the debtor would be required to indemnify Ms. Ramsey. The Tennessee statute regarding indemnification discusses when a corporation ***may or may not*** indemnify an individual, not when it is required to do so. ***See*** T.C.A. § 48-18-502. Moreover, there was no proof of any indemnification clause in Ms. Ramsey's employment contract.[5]

However, the Court agrees with the Chapter 11 Trustee's argument that the Lowerys' claims against Ms. Ramsey, if valid, are derivative claims that are property of the estate. ***See In re Gen. Growth Prop., Inc.***, 426 B.R. 71, 76 (Bankr. S.D.N.Y. 2010) (derivative claims against debtor's directors are property of the estate). The Lowerys' third-party complaint against Ms. Ramsey alleges injury to Fi-Data caused by Ms. Ramsey's actions in her capacity as a director and president of Fi-Data, a corporation in which the Lowerys have no stock or ownership interest. Specifically, the complaint sets forth, in relevant part, these facts as supporting the Lowerys' claim of civil conspiracy against Ms. Ramsey:

> 26. As a result of the actions of Ramsey and the Lender Group banks, Fi-Data's value and future prospects have suffered significantly. Relations

---

[5]This Memorandum Opinion should in no way be interpreted as a determination on the issue of indemnification. Instead, the Court is only finding that there was insufficient proof on the issue to determine that the automatic stay extends to Ms. Ramsey on this basis.

with existing clients have suffered, and opportunities to add new clients have been lost. . . .

27. One result of the actions of Ramsey and the Lender Group banks is that Fi-Data is less capable than before of servicing the Loans.

The complaint goes on to state:

51. Legends Bank and Jean Ramsey combined to accomplish by concert (1) the Lender Group's acquisition of control over Fi-Data by fraud, and (2) the conversion of Fi-Data's assets, revenue, and business to the Lender Group, and (3) the fraudulent transfer of Fi-Data's assets to the Lender Group ***to the detriment of Fi-Data's creditors and owners.***

(Emphasis added).

Obviously, this cause of action belongs to the Chapter 11 Trustee. The damages alleged are to Fi-Data rather than the Lowerys, and therefore, it belongs to the estate. Even if the Lowerys could show that this cause of action is separate and unique, it is unclear how they would have standing since they have no ownership interest in Fi-Data. Accordingly, the Lowerys are not entitled to pursue their action against Ms. Ramsey in the Chancery Court.

.

Finally, even if the Court did not find that this third-party complaint is property of the estate, the Court would extend the automatic stay to Ms. Ramsey during the pendency of this Chapter 11 case pursuant to 11 U.S.C. § 105(a). Under 11 U.S.C. § 105(a), "courts may extend the protection of the automatic stay to a debtor corporation's officers, directors, and employees during the pendency of a Chapter 11 case." ***In re Sprint Corp. Sec. Litig.,*** 232 F. Supp. 2d 1193, 1200 (D. Kan. 2002). The rationale for this extraordinary relief is to

Case 3:11-bk-11792 Doc 241 Filed 09/12/12 Entered 09/12/12 07:21:47 Desc Main Document Page 7 of 9

prevent such "individuals from diverting their energies from the reorganization effort to defending themselves in litigation." *Id.* (citation omitted). *See also North Star Contracting Corp. v. McSpedon (In re North Star Contracting Corp.),* 125 B.R. 368, 371 (S.D.N.Y. 1991) (stay extended where target of litigation was debtor's president who was responsible for negotiating with creditors committees and for formulating plan of reorganization).

Ms. Ramsey is currently serving as president of Fi-Data, and the Chapter 11 Trustee testified that lifting the stay as to Ms. Ramsey would be detrimental to the success of the pending sale of Fi-Data. Specifically, the Chapter 11 Trustee testified that the sale is conditioned on the operation of Fi-Data and that he needed Ms. Ramsey's full attention, which has already been negatively impacted by this litigation, on the operation of Fi-Data. Based on this testimony, as well as the extended history of the case, it is clear that the protections of the automatic stay should be extended to Ms. Ramsey during the pendency of this bankruptcy case even if the third-party complaint was not property of the estate..

### III. CONCLUSION

Accordingly, the Court finds that the Lowerys' motion for relief from the automatic stay should be granted as to its counterclaims against Legends Bank, only to the limited extent set forth above, and denied as to its third-party complaint against Ms. Ramsey.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**